# In the United States District Court
## for the
## Western District of Texas

| United States | § | |
| --- | --- | --- |
| | § | |
| v. | § | 09-cr-580 |
| | § | |
| Cesar Arellano-Canchola | § | |

### Order

On this day came on to be considered Defendant's motion for reconsideration (docket no. 42).

Although the sentencing guidelines are now advisory, the district court must always begin the sentencing process by calculating the appropriate guidelines range.[1] For district courts, the sentencing guidelines "should be the starting point and the initial benchmark."[2] The district court may not presume that a guideline range is reasonable, but must instead "make an individualized assessment based on the facts presented."[3] "This individualized assessment 'necessarily means that the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more [section 3553(a)] factors, either as applied in a particular case or as a matter of policy.'"[4]

In *United States v. Duarte*, the defendant pled guilty to illegal re-entry and the court imposed

---

[1] . *United States v. Rodriguez-Rodriguez*, 530 F.3d 381, 385 (5th Cir. 2008) (citing *Gall*, 552 U.S. at 50, 128 S.Ct. at 596) (inner citation omitted).

[2] . *Id.*

[3] . *Id.* (inner citations omitted).

[4] . *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (quoting *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008)).

a prison sentence of 46-months due to a prior drug felony.[5] The defendant appealed his sentence, arguing that the sentence was unreasonable because the sixteen-level enhancement was not empirically grounded.[6] In affirming his sentence, the Fifth Circuit stated that:

> It is true that the *Kimbrough* Court 'recognized that certain Guidelines do not take account of empirical data and national experience,' but absent further instruction from the Court, we cannot read *Kimbrough* to mandate wholesale, appellate-level reconception of the role of the Guidelines and review of the methodologies of the Sentencing Commission . . . ***Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines**.[7]

The defendant argued that "an examination of a Sentencing Guideline's empirical basis is now indispensable" in light of *Kimbrough*.[8] The Fifth Circuit rejected this argument, and instead interpreted the *Kimbrough* decision as "affirm[ing] the traditional entrustment of sentencing to the discretion of district courts, close to the ground and more cognizant of the details of offender and offense that should be determinative of sentence."[9]

Similarly in *United States v. Mondragon-Santiago*, the defendant criticized the sentencing enhancements in section 2L1.2 for not being based on empirical evidence.[10] Again, the Fifth Circuit affirmed the district court's judgment, finding that *Kimbrough* allows district courts to consider the presence or absence of empirical data in determining whether the goals announced in 18 U.S.C. § 3553(a)(2) are met in a specific case.[11] In response to the defendant's argument that the section

---

[5] . *United States v. Duarte*, 569 F.3d 528, 529 (5th Cir. 2009).

[6] . *Id.*

[7] . *Id.* at 530 (emphasis added) (inner citation omitted).

[8] . *Id.* at 529.

[9] . *Id.* at 530-531.

[10] . *Mondragon-Santiago*, 564 F.3d at 366.

[11] . *Id.*

2L1.2 enhancement scheme is not empirically-based, the Fifth Circuit stated that "[i]n appropriate cases, district courts certainly may disagree with the Guidelines for policy reasons and may adjust a sentence accordingly. But if they do not, we will not second-guess their decisions under a more lenient standard simply because the particular Guideline is not empirically-based."[12]

Having reviewed all of the 3553 factors at the time this Court imposed sentence, Defendant's motion for reconsideration of the sentence is denied.

SIGNED this 26th day of July, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[12] . *Id.* at 367.